# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

No. 3:18-cr-90 (JAM)

WILSON VELEZ,
   *Defendant*.

## ORDER GRANTING FOURTH RENEWED MOTION
## OF DEFENDANT WILSON VELEZ TO CONTINUE SENTENCING

Defendant Wilson Velez has filed a fourth and renewed motion to continue sentencing for a period of approximately 90 days so that he may have an opportunity to complete the Security Risk Group ("SRG") program at the State of Connecticut prison facility where he is presently confined. Doc. #426. Velez has pleaded guilty in this federal case, and he faces a lengthy term of federal incarceration. He states that his successful completion of the SRG program may affect his designation and restrictions placed upon him by the federal Bureau of Prisons ("BOP") during the term of his federal imprisonment. *See* Doc. #424 at 4.

Although Velez's motion does not cite or refer to BOP designation policies, the Government's objection to Velez's motion does not dispute that his completion of the SRG program may have a favorable impact on his federal designation. Doc. #428. It appears from my own review of BOP policies that there is a basis for Velez's claim. *See* U.S. Dep't. of Justice, Federal Bureau of Prisons, Program Statement 5100.08, Inmate Security Designation and Custody Classification Manual (2006) (Change Notice Sept. 4, 2019), available at https://www.bop.gov/policy/progstat/5100_008cn.pdf.

1

The relevant BOP Program Statement provides: "At the time of initial designation, if the Presentence Investigation Report or other documentation identifies the inmate as a possible member of one of the Central Inmate Monitoring Disruptive Groups, DSCC staff will enter a PSF [Public Safety Factor] on the BP-337." Program Statement 5100.08, ch. 5, at 7; *see also* Program Statement 5100.08, ch. 4, at 13 (outlining the Public Safety Factors to be noted in the Inmate Load and Security Designation Form [BP-337]). An incoming person's initial designation is used to assign the inmate to an institution with a corresponding level of security (e.g., minimum, low, medium, or high security). *See* Program Statement 5100.08, ch. 5, at 7 (these Public Safety Factors are "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior" and which are "normally applied…prior to an inmate's initial assignment to an institution…."). For example, a male inmate who is designated as a validated member of a Disruptive Group "will be housed in a High security level institution." *Ibid.*

I cannot be certain that Velez's completion of the SRG program will affect his federal designation, but there is enough of a likelihood based on my review of the BOP policies to warrant a continuance of the sentencing. I fully understand why the Government in good faith objects to the motion for a continuance but conclude on balance that a continuance is warranted, especially in light of the fact that Velez will remain imprisoned in the interim and also in the absence of any prejudice to the victims who have chosen not to participate in these proceedings.

As the Court itself has noted (Doc. #425), there is some tension between Velez's request to be allowed to complete the SRG program and his separate civil lawsuit that challenges his SRG designation. *See Velez v. Santiago*, 18cv1584-JAM (D. Conn. Sept. 19, 2018). In his motion to continue Velez now states, however, that he will move to dismiss this civil lawsuit,

2

and the Court will separately enter a dismissal order of that lawsuit when he files the motion. Ultimately, the fact that Velez has challenged the lawfulness of the basis for his SRG designation does not amount to an irreconcilable conflict with his intention at this time to complete the SRG program in hopes that it may have a favorable effect on his federal BOP designation.

The Court GRANTS the motion to continue sentencing (Doc. #426). Sentencing shall proceed at **10:00am on June 23, 2020**. Defendant shall file his sentencing memorandum by **June 9, 2020**, and the Government file a sentencing memorandum by **June 16, 2020**.

It is so ordered.

Dated at New Haven this 6th day of March 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge